```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                        :
UNITED STATES OF AMERICA,               :    CASE NO. 1:98-CR-309
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :    ORDER & OPINION
                                        :    [Resolving Doc. No. 68]
LINTON NICHOLS,                         :
                                        :
        Defendant.                      :
                                        :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this criminal case, Defendant Linton Nichols moves this Court to set aside its judgment of his sentence, pursuant to Federal Rule of Civil Procedure 60(b)(4) & (6). [Doc. 68.] The United States opposes the motion. [Doc. 69.] For the following reasons, the Court **DENIES** Defendant Nichols's motion.

**I. Background**

On September 1, 1998, a federal grand jury indicted Defendant Linton Nichols on two counts: (1) possession with intent to distribute approximately 234.75 grams of cocaine base ("crack"), and (2) possession of a firearm as a felon. [Doc. 6.] After Defendant Nichols pled not guilty to both charges, the United States filed a sentencing enhancement under 21 U.S.C. § 851, alleging that Nichols had a prior drug conviction.[1/] [Doc. 14.]

At an October 30, 1998, hearing, Defendant Nichols rejected a previously-negotiated plea agreement and exercised his right to a jury trial. After informing Nichols that it planned to do so, the United States filed a superceding sentencing enhancement, alleging two prior felony drug

---

[1/] Under 21 U.S.C. § 841, a defendant who violates its provisions after a prior conviction for a felony drug offense has become final, "shall be sentenced to a term of imprisonment which may not be less than 20 years."

Case No. 1:98-CR-309
Gwin, J.

convictions.[2] [Doc. 21.] A jury subsequently convicted Nichols of both counts, and on January 15, 1999, this Court sentenced Nichols to mandatory life incarceration based on the statutory sentencing enhancements. The Sixth Circuit denied Nichols's direct appeal on June 29, 2000. *United States v. Nichols*, No. 99-3108, 2000 WL 923807 (6th Cir. 2000).

In the instant Rule 60(b) motion, Defendant Nichols asks this Court to set aside its sentencing judgment, arguing that his prior Ohio drug convictions no longer qualify as grounds for enhancing his sentence. [Doc. 68 at 3.]

### II. Legal Standards & Analysis

As an initial matter, Rule 60(b) does not apply in criminal proceedings such as this one. *See United States v. Diaz*, 79 Fed. App'x 151, 151 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.") (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)); *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings . . . .") (emphasis added).

Although a criminal defendant may use Rule 60(b) to challenge a final judgment in a civil habeas proceeding, *see Beckett v. United States*, 8 Fed. App'x 330, 332 (6th Cir. 2001), Defendant Nichols's motion here is a direct challenge to his *criminal* sentence. Accordingly, Rule 60(b)

---

[2] Under 21 U.S.C. § 841b)(1)(A), a second prior conviction for a felony drug offense results in a mandatory life sentence:
    (b) Penalties    Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
    (1)(A) In the case of a violation of subsection (a) of this section involving-- []
    (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
    [] If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

Case No. 1:98-CR-309
Gwin, J.

provides no authority for this Court to set that sentence aside.

Moreover, even if Defendant Nichols's Rule 60(b) motion were proper, this Court would deny the motion on its merits. The Court sentenced Nichols under 21 U.S.C. § 841(a)(1). Under that provision, a defendant with two prior convictions for a "felony drug offense" is subject to a mandatory life sentence. In turn, 21 U.S.C. § 802(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

Therefore, as long as Nichols's prior Ohio convictions related to narcotic drugs and were punishable by imprisonment for more than one year, the Court properly enhanced his sentence. Before this case, Nichols had been convicted of trafficking drugs, in violation of Ohio Revised Code § 2925.03, and subsequent possession of drugs in violation of Ohio Revised Code § 2925.11. Both of these statutes punish conduct relating to narcotic drugs (trafficking and possession) and are punishable by imprisonment for more than one year.

Defendant Nichols does not dispute either of these conclusions. Instead, he argues that his convictions under Ohio Revised Code §§ 2925.11 & 2925.03 do not constitute "controlled substance offenses" as defined by the United States Sentencing Guidelines. [Doc. 68 at 7, 9.] Although this argument might have some merit if the Defendant had been sentenced to life as the result of a career offender enhancement under the Guidelines, the argument simply does not apply here. Rather, this Court sentenced Nichols to mandatory life based on the *statutory enhancement* contained in § 841(1)(a) and the definition of "felony drug offense" in § 802(44). Defendant Nichols makes no challenge to his sentence that would apply to these provisions.

-3-

Case No. 1:98-CR-309
Gwin, J.

Accordingly, this Court **DENIES** Defendant Nichols's motion for relief from his sentence.

IT IS SO ORDERED.


Dated: November 24, 2009             s/ *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE