UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, : CASE NO. 1:98-CR-309
:
       Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 72]
LINTON NICHOLS, :
:
       Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Linton Nichols moves this Court to reconsider its order denying his motion to set aside its judgment of his sentence pursuant to Federal Rule of Civil Procedure 60(b)(4) & (6). [Doc. 72.] For the following reasons, the Court **DENIES** Defendant Nichols's motion.

**I. Background**

On September 1, 1998, a federal grand jury indicted Defendant Linton Nichols on two counts: (1) possession with intent to distribute approximately 234.75 grams of cocaine base ("crack"), and (2) possession of a firearm as a felon. [Doc. 6.] After Nichols pled not guilty to both charges, the United States filed a sentencing enhancement under 21 U.S.C. § 851, alleging that Nichols had a prior drug conviction.[1] [Doc. 14.] At an October 30, 1998, hearing, Defendant Nichols rejected a previously-negotiated plea agreement and asked for a jury trial. After informing Nichols that it planned to do so if Nichols case went to trial, the United States filed a superceding

---

[1] Under 21 U.S.C. § 841, a defendant who violates its provisions after a prior conviction for a felony drug offense has become final, "shall be sentenced to a term of imprisonment which may not be less than 20 years."

-1-

Case No. 1:98-CR-309
Gwin, J.

sentencing enhancement, alleging two prior felony drug convictions.[2/] [Doc. 21.] A jury subsequently convicted Nichols of both counts, and on January 15, 1999, this Court sentenced Nichols to mandatory life incarceration based on the statutory sentencing enhancements. The Sixth Circuit denied Nichols's direct appeal on June 29, 2000. *United States v. Nichols*, No. 99-3108, 2000 WL 923807 (6th Cir. 2000).

On October 1, 2009, Nichols filed a Rule 60(b) motion, asking the Court to set aside its sentencing judgment and arguing that his prior Ohio drug convictions no longer qualify as grounds for enhancing his sentence. [Doc. 68 at 3.] On November 24, 2009, the Court denied the motion, noting that Fed. R. Civ. P. 60(b) is not an appropriate avenue for relief in a criminal case. [Doc. 70 at 3.] The Court further held that, even assuming the motion was proper, Nichols claim loses on the merits because he was sentenced under a statutory sentencing enhancement that required imposition of a life sentence. [*Id.*]

Nichols now moves the Court to reconsider its November 24 order because, he argues, the Court did not give him adequate time to file his "opposition brief."[3/] [Doc. 72 at 1.] The Court has now considered Nichols's brief [Doc. 71], and finds no basis to reconsider its November 24 order.

---

[2/]Under 21 U.S.C. § 841b)(1)(A), a second prior conviction for a felony drug offense results in a mandatory life sentence:
    (b) Penalties    Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
    (1)(A) In the case of a violation of subsection (a) of this section involving-- []
    (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
    [] If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

[3/]As Nichols filed the Rule 60(b) motion, his "opposition to the government's response" is better characterized as a reply brief.

Case No. 1:98-CR-309
Gwin, J.

## II. Legal Standards & Analysis

The Court again notes that Rule 60(b) does not apply in criminal proceedings such as this one. *See United States v. Diaz*, 79 Fed. App'x 151, 151 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.") Although a criminal defendant may use Rule 60(b) to challenge a final judgment in a civil habeas proceeding, *see Beckett v. United States*, 8 Fed. App'x 330, 332 (6th Cir. 2001), Defendant Nichols's motion here is a direct challenge to his *criminal* sentence. Accordingly, Rule 60(b) provides no authority for this Court to set that sentence aside.

Moreover, Nichols has raised no new arguments in his reply brief or his motion for reconsideration that would entitle him to relief on the merits of his claim. The Court sentenced Nichols to a statutory mandatory term under 21 U.S.C. § 841(a)(1), not under the guidelines' career offender provisions. Under 21 U.S.C. § 841(a)(1), a defendant with two prior convictions for a "felony drug offense" is subject to a mandatory life sentence. As described in the November 24 order, Nichols's prior Ohio convictions satisfy the definition of a felony drug offense under 21 U.S.C. § 802(44). Nichols's argument that his Ohio convictions do not constitute "controlled substance offenses" as defined by the United States Sentencing Guidelines fails because the Court sentenced him to life based on the *statutory enhancement* contained in § 841(1)(a) and the definition of "felony drug offense" in § 802(44), not based on the Guidelines' career offender provision.

-3-

Case: 1:98-cr-00309-JG Doc #: 75 Filed: 01/28/10 4 of 4. PageID #: 182

Case No. 1:98-CR-309
Gwin, J.

Accordingly, this Court **DENIES** Defendant Nichols's motion for relief for reconsideration.

IT IS SO ORDERED.

Dated: January 28, 2010

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

-4-